J a
y a r
a m

Lawyers for Innovators

Deposition discovery is stayed until June 1, 2020.  Fact discovery is extended to July 31, 2020.  All case management conferences are vacated.  The parties shall contact the Court on or after July 18, 2020 to schedule the next case management conference.

**March 30, 2020**

SO ORDERED.

March 30, 2020

P. Kevin Castel
United States District Judge

**Via Electronic Filing**
Judge Kevin P. Castel
United States District Court
500 Pearl Street, Courtroom 11D
New York, NY 10007

Re:    ***Deejayzoo LLC d/b/a Shhhowercap v. Kaz Konsulting et. al.***
        ***19-cv-08688***

Dear Judge Castel:

It is with extraordinary regret and frustration that Shhhowercap files this response to Kaz Konsulting LLC's motion to compel. "If all the issues we are currently facing were to be organized on a ladder of importance, this deposition-scheduling dispute would not even reach the bottom rung of a 10-rung ladder." *C.W. v. NCL (Bahamas) Ltd.*, No. 19-cv-24441, Doc. No. 38 (S.D. Fla., Mar. 21, 2020). After receiving notice of Defendants' motion last week, I emailed Mr. Heerde asking him to withdraw the motion in light of the ongoing National Emergency and the related strain the pandemic has placed upon our judiciary. A copy of my email to counsel is attached as **Exhibit A**. Defendants refuse to withdraw the motion, and accordingly, Shhhowercap is left with no choice but to file this response.

The Court initially set Discovery to close on March 15, 2020.  (Doc. No. 21).  Pursuant to the parties' joint requests, the Court initially extended discovery to April 15, 2020, and subsequently to June 1, 2020, in light of the National Emergency. (Doc. Nos. 25, 28). Neither party has been deposed to date.

Shhhowercap offered to make Ms. De Jesu (Shhhowercap's principal) available for her deposition on May 28, 2020, which is before the close of discovery, and to produce all documents responsive to Defendants' document requests on or before April 28, 2020. I also advised Mr. Heerde in writing that I would try to provide additional earlier deposition

tel. 312 212 8676
vivek@jayaramlaw.com
125 S Clark St, Suite 1175, Chicago IL 60603

jayaramlaw.com

March 30, 2020
Page 2 of 3

dates the following week because Ms. De Jesu was unavailable on March 26 and 27 to confirm her availability. Defendants filed their motion before Shhhowercap was able to provide additional dates. Defendants' motion seeks to compel Ms. De Jesu's deposition to take place on or before May 8, 2020, and for Shhhowercap to produce documents 15 days before the deposition.

Defendants' motion should be denied for the following reasons:

- The country is in a state of National Emergency, and this case does not present any time sensitive or emergency matters for this Court to decide; Ms. De Jesu resides in Brooklyn, and is subject to the Governor of New York's order requiring all non-essential residents to stay at home (*see* Declaration of Ms. De Jesu (De Jesu Dec.), ¶¶ 4-6, attached as **Exhibit B**);
- In light of the Governor's Order, Ms. De Jesu cannot access Shhhowercap's headquarters, which are located in Manhattan.(*Id.*, ¶ 6);
- The documents sought by Defendants' requests to produce are stored mainly in Shhhowercap's offices and are currently unavailable to Ms. De Jesu (*Id.*, ¶7);
- Based on public information currently available (though changing regularly), Ms. De Jesu believes she will be able to access Shhhowercap's offices in late-April (*Id.*, ¶ 8);
- In addition to Ms. De Jesu's current inability to access documents sought in discovery, her attention is focused on protecting her business, which has been hit hard in the current crisis as it relies on multiple supply chains and retail sales, both of which are currently at a complete standstill (*Id.*, ¶¶ 9-10);
- As a result, Ms. De Jesu's is currently seeking disaster relief for Shhhowercap and working with extremely limited staff to avoid layoffs of Shhhowercap's employees (*Id.*, ¶ 11);
- Ms. De Jesu also suffered a death in her family the week of March 23, 2020, which caused her to have a slightly delayed response times to various emails regarding discovery in this matter (*Id.*, ¶¶ 12-13);
- Finally, Ms. De Jesu has not been deposed before, and her preference would be to have the deposition take place in person with counsel present if at all possible (*Id.*, ¶ 14).  A later date makes that more likely.

Again, Shhhowercap regrets that this issue has to be presented to the Court at all. Before filing this response, Shhhowercap reiterated to Defendants that in the current environment, the parties should not strain the Court with non-urgent litigation. *See, e.g., Art Ask Agency v. Individuals, et al.*, C.A. No. 20-cv-1666, (N.D. Ill, Mar. 18, 2020) ("The world is facing a real emergency. Plaintiff is not."); *C.W. v. NCL (Bahamas) Ltd.*, No. 19-cv-24441, Doc. No. 38 (S.D. Fla., Mar. 21, 2020) ("If all the issues we are currently facing

tel. 312 212 8676
vivek@jayaramlaw.com
125 S Clark St, Suite 1175, Chicago IL 60603

jayaramlaw.com

March 30, 2020
Page 3 of 3

were to be organized on a ladder of importance, this deposition-scheduling dispute would not even reach the bottom rung of a 10-rung ladder.") (copies of these orders are attached as **Exhibit C**).

In an effort to resolve this issue without the Court's involvement, Shhhowercap agreed to produce Ms. De Jesu for her deposition before the close of discovery and produce documents 30 days before her deposition. Shhhowercap proposed these dates because counsel believes it will allow the parties sufficient time to access documents necessary to prepare for the deposition and allows the greatest chance for Ms. De Jesu's deposition to take place in person.

Defendants' unreasonable insistence that Ms. De Jesu's deposition proceed three weeks prior to the close of discovery, while the country is in the midst of a National Emergency and *everyone* is under considerable strain (including the Court and its staff, Shhhowercap, and counsel) should be denied. Shhhowercap does not seek to delay prosecution of this case, but is simply trying to navigate the unprecedented nature of this pandemic while complying with the Court's discovery deadlines.

Because this is the second time in two weeks that the Court has had to become involved in a dispute initiated by the Defendants' insistence that Ms. De Jesu's deposition take place during this National Emergency, Shhhowercap requests that, in addition to denying Defendants' motion to compel, the Court enter a protective order requiring that Shhhowercap shall produce documents responsive to Defendants' requests on April 28, 2020 and that Ms. De Jesu's deposition shall proceed on May 28, 2020 (remote or otherwise, depending on the circumstances). Shhhowercap is willing to accommodate Defendants and counsel's schedules regarding Kaz's deposition.

Finally, Shhhowercap requests that the Court award Shhhowercap its attorney fees incurred in filing a response to Defendants' motion. If awarded, Shhhowercap respectfully requests that all fees awarded by the Court be paid directly by Kaz to the NYC Covid-19 Response and Impact Fund. De Jesu Dec., ¶ 15.

Very truly yours,

Vivek Jayaram, Esq.
Counsel for Plaintiff/Counter-Defendant

tel. 312 212 8676
vivek@jayaramlaw.com
125 S Clark St, Suite 1175, Chicago IL 60603                                          jayaramlaw.com

# EXHIBIT A

**From:** **Vivek Jayaram** vivek@jayaramlaw.com
**Subject:** Re: Shhhowercap v. Kaz
**Date:** March 27, 2020 at 11:47 AM
**To:** Matthew Heerde mheerde@heerdeblum.com
**Cc:** Liz Austermuehle liz@jayaramlaw.com, Donielle Robinson doni@jayaramlaw.com



Dear Matthew,

I am disappointed that you filed a motion to compel today in this case.
I am quite certain Judge Castel has many, many more pressing
matters to deal with today, and as lawyers we have a responsibility
during this time to respect the strain that the pandemic has placed
upon our judiciary.

As you know, we have agreed to sit for a deposition squarely within
the discovery period (May 28), and we have also agreed to produce
documents to you 30 days ahead of that date (April 28).  When you
said these dates were not soon enough, I told you that I will check with
my client to see if she can sit some time earlier in May.  She advised
me that she will get back to me next week (which is what I told you in
writing yesterday).  She had a death in the family yesterday morning.

Another problem that your demand triggers relates to the documents.
Shhhowercap's offices are closed per the Governor's order.  So she is
not quite sure when she will be able to access her office and the
documents and computers there that may contain relevant material.
This is why I was suggesting the dates I was suggesting.

The bottom line is that we have agreed to sit for a deposition within the
discovery period, and we have agreed to produce documents.  We
hope that you will review this email with your client and withdraw your
motion today.  If not, we will respond to the Court on Monday and seek
a protective order.  If we are forced to do that, we will seek
reimbursement of our attorneys' fees, which we will donate in full to
the relief efforts in New York.  Might some good come out of this
unfortunate series of events.

Have a good weekend, be safe with your family, and let us know if you
intend on withdrawing your motion.

Vivek

j  a
y  a  r
a  m

**lawyers for innovators®**
  **CHI   NYC   MIA**

**Vivek Jayaram**
Founder & President
JAYARAM LAW
vivek@jayaramlaw.com
www.jayaramlaw.com
646-325-9855

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | x |
| **DEEJAYZOO, LLC d/b/a** | : |
| **SHHHOWERCAP,** | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **KAZ KONSULTING, LLC and KARA** | : |
| **LAFORGIA,** | : |
| | : |
| Defendants. | : |
| | : |
| | x |

Civil No.: 19-cv-8688

## DECLARATION OF JACQUELYN DE JESU

I, Jacquelyn De Jesu, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am the principal and founder of Deejayzoo, LLC d/b/a Shhhowercap ("Shhhowercap").

2.      I submit this declaration in support of Shhhowercap's response opposing Kaz Konsulting, LLC ("Kaz") and Kara LaForgia's ("Defendants") March 27, 2020 letter motion to compel discovery.

3.      The facts set forth in this Declaration are based on my personal knowledge. If sworn as a witness, I could testify competently thereto.

4.      I live in Brooklyn, New York, and because of the ongoing COVID-19 emergency, I have been under a self-quarantine since mid-March 2020. I am also subject to the Governor of New York's stay at home order, which went into effect on March 22, 2020.

5.      Shhhowercap's headquarters and offices are located in Manhattan, New York.

6.      Shhhowercap is a non-essential business. To comply with the Governor's order, and to protect the health and safety of myself and others, all Shhhowercap employees, including myself, are staying at home and not traveling to Shhhowercap's offices until we receive further instruction from the Governor.

7.      The documents responsive to Defendants' discovery requests are mainly stored in Shhhowercap's offices, in both paper and electronic formats. While some documents are available to me electronically from home, many documents are only accessible in Shhhowercap's offices. I am not able to complete Shhhowercap's document production or prepare for my deposition until I am able to access the office and the documents located there.

8.      While the Governor's stay at home order does not include an end date, based on news reports and other public information, it is my understanding that restrictions may start to be lifted in late-April 2020, though that is subject to change.

9.      Shhhowercap is a small retail business that relies on multiple supply chains.

10.     Not only have the supply chains that we rely on stopped due to the COVID-19 emergency, but the retail stores in which we sell our product are currently closed indefinitely.

11.     As a result, I am seeking state and federal disaster relief available to small businesses, and have reduced my staff's working hours by 50% in order to avoid layoffs. My focus right now is keeping my company afloat until things return to normal.

12.     During the week of March 23, 2020, there was a death in my family.

13.     Because I was dealing with these personal and business emergencies, I was unable to respond to my counsel's emails regarding this matter in a normal response time.

14.     I have never been deposed before and, while I will sit for my deposition via video conference if necessary, I would greatly prefer to prepare for and attend my deposition in person with my counsel present.

15.     If the Court awards Shhhowercap its attorney's fees in connection with responding to Defendants' motion, Shhhowercap requests that those fees be donated to the NYC Covid-19 Response and Impact Fund.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March ___, 2020
        03 / 30 / 2020

_____
Jacquelyn De Jesu
Principal and Founder of Deejayzoo, LLC
d/b/a Shhhowercap

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ART ASK AGENCY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-1666 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE A | ) | |
| HERETO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

This case involves counterfeit unicorn drawings. The complaint includes a few examples of products that allegedly infringe Plaintiff's trademarks, which offer "striking designs and life-like portrayals of fantasy subjects." *See* Cplt. at ¶ 7 (Dckt. No. 1). One example is a puzzle of an elf-like creature embracing the head of a unicorn on a beach. *Id.* at p.4. Another is a hand purse with a large purple heart, filled with the interlocking heads of two amorous-looking unicorns. *Id.* There are phone cases featuring elves and unicorns, and a unicorn running beneath a castle lit by a full moon. *Id.*

Meanwhile, the world is in the midst of a global pandemic. The President has declared a national emergency. The Governor has issued a state-wide health emergency. As things stand, the government has forced all restaurants and bars in Chicago to shut their doors, and the schools are closed, too. The government has encouraged everyone to stay home, to keep infections to a minimum and help contain the fast-developing public health emergency.

The United States District Court for the Northern District of Illinois took action last week to protect the public, issuing General Order No. 20-0012 entitled **IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY**. *See www.ilnd.uscourts.gov* (last visited March 16, 2020) (bold and all caps in original). On March 16, the Executive Committee issued an amended Order that, among other things, holds all civil litigation in abeyance. *Id.*

Last week, Plaintiff filed a motion for a temporary restraining order (Dckt. No. 11) against the Defendants (who are located abroad) and requested a hearing. *See* Dckt. No. 1, at ¶ 12. This Court thought that it was a bad time to hold a hearing on the motion. So, this Court

moved the hearing by a few weeks to protect the health and safety of our community, including counsel and this Court's staff. *See* Dckt. No. 19. Waiting a few weeks seemed prudent.

Plaintiff has not demonstrated that it will suffer an irreparable injury from waiting a few weeks. At worst, Defendants might sell a few more counterfeit products in the meantime. But Plaintiff makes no showing about the anticipated loss of sales. One wonders if the fake fantasy products are experiencing brisk sales at the moment.

On the flipside, a hearing – even a telephonic one – would take time and consume valuable court resources, especially given the girth of Plaintiff's filings. *See* Dckt. Nos. 1, 6-7, 11-18. And the proposed temporary restraining order would require the attention of innocent third parties, and create a cascade of obligations. Plaintiff wants to force financial institutions to lock down accounts, and require domain name registries to shut down websites, for example. *See* Dckt. No. 12. Plaintiff requests an order forcing innocent third parties – such as Amazon, eBay, PayPal, Alibaba, Western Union, plus social media platforms such as "Facebook, YouTube, LinkedIn, [and] Twitter," plus internet search engines such as "Google, Bing and Yahoo," among others – to spring into action within two or three days. Either the order would be a nullity, or it would distract people who may have bigger problems on their hands right now.

In response, Plaintiff Art Ask Agency and its counsel filed a motion for reconsideration. *See* Dckt. No. 20. They ask this Court to re-think its scheduling order. They want a hearing this week (telephonically if need be).

Plaintiff recognizes that the community is in the midst of a "coronavirus pandemic." *Id.* at ¶ 3. But Plaintiff argues that it will suffer an "irreparable injury" if this Court does not hold a hearing this week and immediately put a stop to the infringing unicorns and the knock-off elves. *Id.* at ¶ 4. To top it off, Plaintiff noticed the motion for a hearing on March 19, 2020, a day that has been blocked off on the Court's calendar – as revealed on its webpage – for several weeks. *See www.ilnd.uscourts.gov* (last visited March 16, 2020) ("The Honorable Steven C. Seeger will not be holding court on Thursday, March 19, 2020 . . . .").

Meanwhile, the Clerk's Office is operating with "limited staff." *See* Amended General Order No. 20-0012, at ¶ 5. "[P]hone conferencing" is available "in emergency situations and where resources permit." *Id.* at ¶ 1. The Court can still hear emergency motions, but resources are stretched and time is at a premium. *Id.* at ¶ 4. If there's ever a time when emergency motions should be limited to genuine emergencies, now's the time.

Thirty minutes ago, this Court learned that Plaintiff filed yet another emergency motion. They teed it up in front of the designated emergency judge, and thus consumed the attention of the Chief Judge. *See* Dckt. No. 23. The filing calls to mind the sage words of Elihu Root: "About half of the practice of a decent lawyer is telling would-be clients that they are damned fools and should stop." *See Hill v. Norfolk and Western Railway Co.*, 814 F.2d 1192, 1202 (7th Cir. 1987) (quoting 1 Jessup, Elihu Root 133 (1938)).

The world is facing a real emergency. Plaintiff is not. The motion to reconsider the scheduling order is denied.

Date:  March 18, 2020

_____
Steven C. Seeger
United States District Judge

Query     Reports     Utilities     Help     Log Out

JG,MEDIATION,REF_DISCOV

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:19-cv-24441-CMA

C.W. v. NCL (Bahamas) Ltd.                          Date Filed: 10/28/2019
Assigned to: Judge Cecilia M. Altonaga              Jury Demand: Plaintiff
Referred to: Magistrate Judge Jonathan Goodman      Nature of Suit: 360 P.I.: Other
Cause: 28:1333 Admiralty                            Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 10/28/2019 | 1 | COMPLAINT *AND DEMAND FOR JURY TRIAL* against NCL (Bahamas) Ltd., a Bermuda Corporation. Filing fees $ 400.00 receipt number 113C-12101462, filed by C.W., a minor, by and through her father, natural guardian and next Friend, F.W.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Civil Cover Sheet, # 7 Summon(s))(Gerson, Nicholas) (Entered: 10/28/2019) |
| 10/28/2019 | 2 | Clerks Notice of Judge Assignment to Judge Cecilia M. Altonaga.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Jonathan Goodman is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent.<br><br>Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (amb) (Entered: 10/29/2019) |
| 10/29/2019 | 3 | Summons Issued as to NCL (Bahamas) Ltd., a Bermuda Corporation. (amb) (Entered: 10/29/2019) |
| 11/15/2019 | 4 | ORDER that on or before January 26, 2020, Plaintiff shall perfect service upon the Defendant or show cause why this action should not be dismissed for failure to perfect service of process. Failure to file proof of service or show good cause by January 26 will result in a dismissal without prejudice and without further notice. Signed by Judge Cecilia M. Altonaga on 11/15/2019. *See attached document for full details.* (wc) (Entered: 11/15/2019) |
| 01/13/2020 | 5 | SUMMONS (Affidavit) Returned Executed on 1 Complaint, with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by C.W.. NCL (Bahamas) Ltd. served on 1/6/2020, answer due 1/27/2020. (Gerson, Nicholas) (Entered: |

| | | 01/13/2020) |
|---|---|---|
| 01/14/2020 | 6 | ORDER REQUIRING SCHEDULING REPORT AND CERTIFICATES OF INTERESTED PARTIES. Joint Scheduling Report due by 2/10/2020. Signed by Judge Cecilia M. Altonaga on 1/14/2020. *See attached document for full details*. (amb) (Entered: 01/14/2020) |
| 01/23/2020 | 7 | Defendant's MOTION for Extension of Time TO RESPOND TO PLAINTIFF'S COMPLAINT AND FOR THE PARTIES TO FILE JOINT SCHEDULING REPORT by NCL (Bahamas) Ltd.. Attorney Avi C Shoham added to party NCL (Bahamas) Ltd. (pty:dft). Responses due by 2/6/2020 (Attachments: # 1 Text of Proposed Order) (Shoham, Avi) (Entered: 01/23/2020) |
| 01/24/2020 | 8 | ORDER granting in part 7 Motion for Extension of Time. Defendant's response to the Complaint due by 2/6/20; Joint Scheduling Report due by 2/10/2020. Signed by Judge Cecilia M. Altonaga on 1/24/2020. *See attached document for full details*. (ps1) (Entered: 01/24/2020) |
| 01/24/2020 | | Set/Reset Answer Due Deadline: NCL (Bahamas) Ltd. response due 2/6/2020. (ps1) (Entered: 01/24/2020) |
| 01/24/2020 | 9 | NOTICE of Attorney Appearance by Darren Wayne Friedman on behalf of NCL (Bahamas) Ltd.. Attorney Darren Wayne Friedman added to party NCL (Bahamas) Ltd. (pty:dft). (Friedman, Darren) (Entered: 01/24/2020) |
| 02/03/2020 | 10 | Unopposed MOTION for Leave to File Excess Pages *to Respond to Plaintiff's Complaint* by NCL (Bahamas) Ltd.. (Attachments: # 1 Text of Proposed Order) (Shoham, Avi) (Entered: 02/03/2020) |
| 02/03/2020 | 11 | ORDER granting 10 Motion for Leave to File Excess Pages. Defendant, NCL (BAHAMAS) LTD., shall be allowed up to an additional five (5) pages to respond to Plaintiff's Complaint, thereby allowing it up to a total of twenty-five (25) pages for its motion to dismiss. The response to the motion to dismiss may exceed the page limits by an additional five pages as well. The reply memorandum may not exceed the page limits allowed by the Rules. Signed by Judge Cecilia M. Altonaga on 2/3/2020. *See attached document for full details*. (ps1) (Entered: 02/03/2020) |
| 02/06/2020 | 12 | Defendant's MOTION to Dismiss with Prejudice 1 Complaint, by NCL (Bahamas) Ltd.. Responses due by 2/20/2020 (Attachments: # 1 Exhibit A - Norwegian Website "Safety and Security Info", # 2 Exhibit B - Norwegian Website "Cruise Line Incident Reports", # 3 Exhibit C - Order on Def's Mot-Dismiss, # 4 Exhibit D - Transcr of Hrg on Def's Mot-Dismiss)(Shoham, Avi) (Entered: 02/06/2020) |
| 02/10/2020 | 13 | PAPERLESS NOTICE of Hearing on 12 Defendant's MOTION to Dismiss with Prejudice 1 Complaint: Motion Hearing set for 3/3/2020 08:30 AM in Miami Division before Judge Cecilia M. Altonaga. (ps1) (Entered: 02/10/2020) |
| 02/10/2020 | 14 | Defendant's Certificate of Other Affiliates/Corporate Disclosure Statement by NCL (Bahamas) Ltd. (Shoham, Avi) (Entered: 02/10/2020) |
| 02/10/2020 | 15 | Joint SCHEDULING REPORT - **Rule 16.1** by NCL (Bahamas) Ltd. (Attachments: # 1 |

| | | Text of Proposed Order)(Shoham, Avi) (Entered: 02/10/2020) |
|---|---|---|
| 02/11/2020 | 16 | Plaintiff's Certificate of Other Affiliates by C.W. (Delgado, Raul) (Entered: 02/11/2020) |
| 02/11/2020 | 17 | ORDER that Plaintiff comply with the Order requiring the parties to file certificates of interested parties by February 12, 2020, failing which the case may be dismissed without prejudice and without further notice. Signed by Judge Cecilia M. Altonaga on 2/11/2020. *See attached document for full details*. (wc) (Entered: 02/11/2020) |
| 02/11/2020 | 18 | ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE: ( Jury Trial set for 1/19/2021 before Judge Cecilia M. Altonaga., Calendar Call set for 1/12/2021 09:00 AM before Judge Cecilia M. Altonaga.), ORDER REFERRING CASE to Mediation., ORDER REFERRING CASE to Magistrate Judge Jonathan Goodman for Discovery Matters. Signed by Judge Cecilia M. Altonaga on 2/11/2020. *See attached document for full details*. (cds)<br><br>**Pattern Jury Instruction Builder -** To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 02/12/2020) |
| 02/12/2020 | 19 | NOTICE of Compliance by C.W. re 17 Order to Show Cause, (Delgado, Raul) (Entered: 02/12/2020) |
| 02/12/2020 | 20 | NOTICE of Attorney Appearance by Jeffrey Eric Foreman on behalf of NCL (Bahamas) Ltd. (Foreman, Jeffrey) (Entered: 02/12/2020) |
| 02/12/2020 | 21 | MAGISTRATE JUDGE GOODMAN'S DISCOVERY PROCEDURES ORDER Signed by Magistrate Judge Jonathan Goodman on 2/12/2020. *See attached document for full details*. (tb) (Entered: 02/12/2020) |
| 02/18/2020 | 22 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 12 Defendant's MOTION to Dismiss with Prejudice 1 Complaint, by C.W.. (Attachments: # 1 Text of Proposed Order)(Delgado, Raul) (Entered: 02/18/2020) |
| 02/19/2020 | 23 | PAPERLESS ORDER denying 22 Motion for Extension of Time to File Response due to the failure to submit a proposed order, as is required by the Local Rules. Signed by Judge Cecilia M. Altonaga (CMA) (Entered: 02/19/2020) |
| 02/19/2020 | 24 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 23 Order on Motion for Extension of Time to File Response/Reply/Answer, 12 Defendant's MOTION to Dismiss with Prejudice 1 Complaint, *Renewed with Proposed order* by C.W.. (Attachments: # 1 Text of Proposed Order)(Delgado, Raul) (Entered: 02/19/2020) |
| 02/19/2020 | 25 | ORDER granting in part 24 Motion for Extension of Time to File Response Re: 12 Defendant's MOTION to Dismiss with Prejudice 1 Complaint, filed by NCL (Bahamas) Ltd. Responses due by 2/25/2020. Signed by Judge Cecilia M. Altonaga on 2/19/2020. *See attached document for full details*. (ps1) (Entered: 02/19/2020) |
| 02/25/2020 | 26 | RESPONSE in Opposition re 12 Defendant's MOTION to Dismiss with Prejudice 1 Complaint, filed by C.W.. Replies due by 3/3/2020. (Schwartz, Edward) (Entered: |

| | | 02/25/2020) |
|---|---|---|
| 02/27/2020 | 27 | PAPERLESS NOTICE of Hearing on 12 Defendant's MOTION to Dismiss with Prejudice 1 Complaint: Motion Hearing set for 3/5/2020 08:30 AM in Miami Division before Judge Cecilia M. Altonaga. (ps1) (Entered: 02/27/2020) |
| 02/27/2020 | 28 | Clerks Notice of Docket Correction re 27 Notice of Hearing on Motion. **Correction** PLEASE DISREGARD - FILED IN ERROR. HEARING REMAINS SET FOR 3/3/20 at 8:30 a.m. (ps1) (Entered: 02/27/2020) |
| 02/27/2020 | | Set/Reset Deadlines/Hearings as to 12 Defendant's MOTION to Dismiss with Prejudice 1 Complaint (per 13 Notice of Hearing): Motion Hearing set for 3/3/2020 08:30 AM in Miami Division before Judge Cecilia M. Altonaga. (ps1) (Entered: 02/27/2020) |
| 03/02/2020 | 29 | REPLY to Response to Motion re 12 Defendant's MOTION to Dismiss with Prejudice 1 Complaint, filed by NCL (Bahamas) Ltd.. (Shoham, Avi) (Entered: 03/02/2020) |
| 03/02/2020 | 30 | NOTICE of Mediator Selection. Selected/Added NCL (Bahamas) Ltd. as Mediator. (Shoham, Avi) (Entered: 03/02/2020) |
| 03/03/2020 | 31 | NOTICE OF WITHDRAWAL OF MOTION by C.W. **Notice of Withdrawal of Count IV for Negligence Per Se* (Delgado, Raul) (Entered: 03/03/2020) |
| 03/03/2020 | 32 | PAPERLESS Minute Entry for proceedings held before Judge Cecilia M. Altonaga: Motion Hearing held on 3/3/2020 re 12 Defendant's MOTION to Dismiss with Prejudice 1 Complaint, filed by NCL (Bahamas) Ltd.. Total time in court: 10 minutes. Attorney Appearance(s): Raul Gabriel Delgado, II, Edward Steven Schwartz, Avi C Shoham, Darren Wayne Friedman, Court Reporter: Stephanie McCarn, 305-523-5518 / Stephanie_McCarn@flsd.uscourts.gov. (afa) (Entered: 03/03/2020) |
| 03/03/2020 | 33 | ORDER granting in part 12 Motion to Dismiss. Amended Complaint due by 3/13/2020. Signed by Judge Cecilia M. Altonaga on 3/3/2020. *See attached document for full details*. (ps1) (Entered: 03/03/2020) |
| 03/03/2020 | 34 | ORDER Scheduling Mediation before Elisabeth M. Rock, Esq.; Mediation Hearing set for 5/22/2020 10:00 AM. Signed by Judge Cecilia M. Altonaga on 3/3/2020. *See attached document for full details*. (ps1) (Entered: 03/03/2020) |
| 03/13/2020 | 35 | First AMENDED COMPLAINT *and Demand for Jury Trial* against NCL (Bahamas) Ltd., filed by C.W..(Delgado, Raul) (Entered: 03/13/2020) |
| 03/20/2020 | 36 | Defendant's MOTION for Protective Order *re: Plaintiff's Unilaterally Noticed Deposition of Defendant NCL's Corporate Representative* by NCL (Bahamas) Ltd.. (Attachments: # 1 Exhibit A - P's Not-Depo of NCL Corp Rep, # 2 Exhibit B - Def's various emails to work out dates)(Shoham, Avi) (Entered: 03/20/2020) |
| 03/20/2020 | 37 | PAPERLESS ORDER denying 36 Motion for Protective Order. Defendant is advised to follow the procedures for discovery disputes described in the Scheduling Order [ECF No. 18]. Until the matter is heard and decided by Magistrate Judge Goodman, Defendant need not comply with the subpoena. Signed by Judge Cecilia M. Altonaga (CMA) (Entered: 03/20/2020) |
| | | |

| 03/21/2020 | 38 | PAPERLESS ORDER re 37 Order on Motion for Protective Order, 36 Defendant's MOTION for Protective Order *re: Plaintiff's Unilaterally Noticed Deposition of Defendant NCL's Corporate Representative* filed by NCL (Bahamas) Ltd. |
|---|---|---|

Defendant NCL (Bahamas) Ltd. filed [ECF No. 36] an emergency motion for a protective order last night concerning a routine snafu over the date of a corporate representative deposition. United States District Judge Cecilia M. Altonaga denied [ECF No. 37] the motion because it failed to comply with the Discovery Procedures Order, but she ordered that the corporate representative deposition (which Plaintiff unilaterally scheduled for March 25, 2020) would not take place next week. The Order also explained that NCL need not provide a corporate representative until I decide the dispute.

Presumably, the parties will reschedule the hearing if they still can't on their own resolve a routine deposition scheduling snafu. Nevertheless, I feel compelled to offer some observations in the "let's-keep-things-in-perspective" department.

The entire world is in the midst of a pandemic. Thousands of people worldwide have contracted the Corona virus and there have been hundreds of virus-caused deaths in the United States. Millions of Americans have been ordered to remain in their homes. Millions more have lost their jobs in the past two weeks. The stock market has taken a brutal beating in the last two to three weeks. Many people are scared. Others are panicked. Everyone is unsure about the future. Cruises have been canceled and all the major airlines have severely curtailed their flights.

We are living in an unprecedented situation.

Nevertheless, the lawyers in this case have been exchanging snippy emails over the past two weeks over the scheduling of a corporate representative deposition. Moreover, defense counsel certified that this routine discovery dust-up is so important that it merits "emergency" status.

No, it doesn't.

Local Rule 7.1(d) requires a movant seeking emergency relief to certify that a "true emergency" exists because meaningful relief could not be provided on "a *critical, non-routine*" issue within seven days. (emphasis added).

A spat over the specific day of a corporate representative deposition is hardly critical. It is, in fact, routine.

Moving past the incorrect and, frankly, reckless designation of this dispute as an "emergency," the Undersigned is shocked that counsel could not on their own resolve the issue. Given the health and economic crisis we are in, not postponing the deposition scheduled for next week is patently unreasonable.

If all the issues we are currently facing were to be organized on a ladder of importance, this deposition-scheduling dispute would not even reach the bottom rung of a 10-rung

|  |  | ladder. |
|  |  | It is painfully obvious that counsel for both sides failed to keep their comparatively unimportant dispute in perspective. Would the world end if the corporate deposition did not occur next week? Obviously not. Is it reasonable to require defense counsel to prepare the 30(b)(6) witness for a deposition while complying with the social distancing standard of ten feet? Absolutely not. Is it rational to expect defense counsel to enlist assistance from cruise ship attorneys and other employees (e.g., to track down documents and information) to adequately prepare the corporate representative when the entire cruise ship industry is on lockdown and thousands of employees have been let go? Of course not.<br><br>So the deposition will not be taken next week. Life will go on. But the Undersigned will be requiring counsel for both sides to appear for a hearing at some point, even if they work out the rescheduled date for the corporate deposition. That hearing will require the attorneys to explain their behavior in context of the far-more-important issues this Court (and the entire world) is facing. Signed by Magistrate Judge Jonathan Goodman on 3/21/2020. (JG) (Entered: 03/21/2020) |
| 03/27/2020 | 39 | Defendant's MOTION to Dismiss with Prejudice 35 Amended Complaint (*Count III*) by NCL (Bahamas) Ltd.. Responses due by 4/10/2020 (Shoham, Avi) (Entered: 03/27/2020) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 03/30/2020 09:49:27 | | |
| **PACER Login:** | eaustermuehle | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:19-cv-24441-CMA |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |