UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DEEJAYZOO, LLC d/b/a SHHHOWERCAP,

                    Plaintiff,                    19-cv-8688 (PKC)

    -against-                    ORDER

KAZ KONSULTING, LLC and KARA
LAFORGIA,

                    Defendants.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Deejayzoo, LLC d/b/a Shhhowercap ("Deejayzoo19") and defendant Kaz Konsulting, LLC ("Kaz") entered into an Amended and Restated Independent Contractor Agreement on November 14, 2018 ("the Agreement") in which Kaz was hired to help sell Deejayzoo's products. (Compl. ¶¶ 12–18). The initial complaint, filed on September 18, 2019, asserts eight causes of action arising out of the parties' relationship including violations of the Lanham Act and state law trademark infringement, breach of contract, and tortious interference claims. (Doc 1). After being extended twice by the Court, fact discovery closed on September 15, 2020. (Doc 37). Deejayzoo now moves for leave to file a First Amended Complaint to include an additional claim against Kaz for rescission of the Agreement based on fraud. (Docs 36 and 40).

        The Civil Case Management Plan and Scheduling Order ("Scheduling Order), entered on December 4, 2019 directed "[a]ny motion to amend . . . shall be filed within 30 days," i.e. by January 3, 2020. (Doc 21). More than six months after the deadline had passed, Deejayzoo on July 13, 2020 (Doc 36) wrote to the Court for permission to file a motion to amend the complaint. It filed its motion to amend on July 17, 2020, contending that there was "good cause" to modify the Scheduling Order as required under Rule 16(b), Fed. R. Civ. P.

"[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."  Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).  Under Rule 16(b), "the primary consideration is whether the moving party can demonstrate diligence."  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 244 (2d Cir. 2007).

Here, Deejayzoo asserts that its proposed rescission claim relies on two emails, the significance of which counsel did not apprehend until June 2020.  However, Deejayzoo concedes that these emails have been in its possession prior to filing the initial complaint and were not documents obtained through discovery.  The information underlying the amended complaint was in Deejayzoo's possession before the original deadline expired.  Nothing prevented Deejayzoo from bringing an additional, timely claim for rescission that would have avoided motion practice at this stage of the litigation.  Deejayzoo has failed to show good cause.

Deejayzoo urges that Kaz would not suffer prejudice, but even if true, it "does not change the fact that plaintiff[] failed to pursue amendment with diligence."  Gullo v. City of New York, 540 Fed. App'x 45, 47 (2d Cir. 2013) (summary order).  Prejudice to the non-moving party is a relevant consideration, but the absence of prejudice alone is not sufficient to demonstrate good cause.  See id.; Tardif v. City of New York, No. 13-cv-4056 (KMW), 2016 WL 2343861, at *6 (S.D.N.Y. May 3, 2016) ("[C]ourts typically consider prejudice to the non-moving party only *after* deciding whether the moving party has shown good cause . . . .") (emphasis in original).  Certainly, a grant of leave to amend would require adjudication of a motion to dismiss, and if not dismissed, then a reopening of discovery.  This is prejudice to defendants.

Separately, Deejayzoo's proposed recession claim would also be futile. "Proposed amendments are futile, and thus must be denied, if they would fail to . . . state a claim under Rule 12(b)(6)." Tannerite Sports, LLC v. NBCUniversal News Grp., 864 F.3d 236, 252 (2d Cir. 2017) (internal quotations and citation omitted). To state a claim for fraud under New York law, *inter alia*, there must be "justifiable reliance of the other party on the misrepresentation or material omission." Pasternack v. Laboratory Corp. of Am. Holdings, 27 N.Y.3d 817, 827 (2016). Here, Deejayzoo could not reasonably rely on Kaz's alleged misrepresentations that it would not work for another retailer, Silke London. Prior to signing the Agreement, Deejayzoo was aware that Kaz previously worked with Silke London, refused to include a non-compete provision in the Agreement, and did not rule out working with other retailers who had conflicts of interest with Deejayzoo. (Proposed FAC ¶¶ 25–28). In addition, the proposed rescission claim fails to plead fraud with the particularity required by Rule 9(b), Fed. R. Civ. P. Deejayzoo merely alleges in conclusory fashion that Kaz made an oral promise to not work for Silke London but fails to identify who made the statement and to whom and where it was made. Kaz's written statement that it would "do what's right" and determine a "reasonable approach" does not sound in fraud considering that Kaz represented it wanted to be able to work with other retailers.

Plaintiff's motion for leave to amend its complaint is DENIED. The Clerk is directed to terminate the motion. (Docs 36 and 40).

SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated: New York, New York
         November 17, 2020